WINCHESTER-WESTERN DIVISION, Appellant
v.
GIBSON DAKOTA, INC., Respondent

(160 N.W.2d 413)

(File No. 10450.  Opinion filed July 19, 1968)

**Costello, Porter, Hill, Banks & Nelson,** Rapid City, for plaintiff and appellant.

**Bottum & Beal,** Rapid City for defendant and respondent.

RENTTO, Judge.

Plaintiff as the producer of firearms bearing the trademark "Winchester", entered into a written contract with the defendant, a retailer of such articles in Rapid City, South Dakota, under our Fair Trade Law, SDC Ch. 54.04, providing minimum retail resale prices below which the retailer would not sell such articles. In this suit plaintiff claims that the defendant violated that agreement by selling such articles at less than their minimum prices and asks that it be enjoined from continuing to violate the agreement in that manner. The court granted an interlocutory injunction as requested by the plaintiff.

On defendant's motion to dissolve the interlocutory injunction and dismiss the proceeding, which presented no fact questions, judgment was entered granting such relief. From this judgment plaintiff appeals.

The contract entered into by these parties contained a provision whereby either party could terminate it at any time by giving ten days written notice to the other. It also stipulated that within 30 days after receipt of such notice of termination Winchester had the right to repurchase from the dealer at the original invoice cost its entire inventory of Winchester brand firearms. The trial court viewed these provisions of the contract as affording plaintiff an adequate remedy, justifying its denial of injunctive relief. We are unable to concur in this view.

The adequate remedy which will deprive equity of jurisdiction is one that is capable of protecting the right being asserted by the aggrieved party or affording redress for its violation. High on Injunctions, Third Ed., § 28; Pomeroy's Equity Jurisprudence, Fifth Ed., § 176 and § 217; 28 Am.Jur., Injunctions,

§ 38; 30 C.J.S. Equity § 25. While plaintiff's exercise of its options of termination and repurchase would cancel defendant's appointment as an authorized Winchester Firearms Dealer and relieve it of its stock of Winchester firearms, such actions would not afford any protection of the rights which plaintiff is seeking to maintain under the contract. The suggested course of conduct would result in a surrender of these rights, not their protection.

In this proceeding the requirement of our Fair Trade Law that the firearms involved were in free and open competition with commodities of the same general class produced or distributed by others, was supported by an admission of a claim to that effect in the pleadings, rather than being established by proof of such fact. In House of Seagram, Inc., Seagram Distillers Company Division v. Assam Drug Company, 83 S.D. 320, 159 N.W.2d 210, we held that injunctive relief should not be granted unless the fact of free and open competition was established by proof. Accordingly, plaintiff was not entitled to the relief it sought.

The judgment appealed from is affirmed.

ROBERTS, BIEGELMEIER, and HOMEYER, JJ., concur.

HANSON, P. J., dissents.

HANSON, Presiding Judge (dissenting).

The trial court granted defendant's motion to dismiss these proceedings. A motion to dismiss under RCP 12 serves the same function as the old common law demurrer. 2 Moore's Federal Practice, § 12.08. For the purpose of the motion the allegations of the complaint are admitted and deemed true. Therefore, in the present action the allegation in the complaint that "Plaintiff is a producer of firearms bearing the trademark 'Winchester' * * * which commodity is in free and open competition with commodities of the same general class produced or distributed by others" must be taken and accepted by the court as a verity. "Motions to dismiss are sparingly granted and only if the averments in the pleading attacked disclose with certainty the impossibility of proving a claim upon which relief can be

granted." Vol. 1A Barron & Holtzoff, Federal Practice and Procedure § 350, p. 321. In this regard, there is no opportunity to prove any fact and none is needed. Also see dissent in House of Seagram, Inc., Seagram Distillers Company Division v. Assam Drug Company 83 S.D. 320, 159 N.W.2d 210.

On Petition for Rehearing

RENTTO, Judge.

The judgment appealed from in this matter dismissed the complaint of the plaintiff and dissolved the interlocutory injunction which had been issued. Our opinion filed on July 19, 1968, affirmed the judgment in its entirety. The petition for rehearing suggests that our affirmance of the dismissal portion of the judgment must have been an inadvertence because our opinion is concerned only with the dissolution of the injunctive relief and does not mention the merits of petitioner's cause of action. This is a valid observation.

We did not intend to affirm the whole of the judgment appealed from. Accordingly, our opinion and judgment are amended to affirm only that part of the judgment appealed from which dissolved the interlocutory injunction and to reverse the portion thereof which dismissed the complaint on its merits. To this extent the relief asked in the petition is granted, but as to the remainder it is denied.

ROBERTS, BIEGELMEIER, and HOMEYER, JJ., concur.

HANSON, P. J., dissents.